IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY WILLIAMS, JS-6649, )
    Petitioner, )
     )
    v. ) 2:12-cv-106
     )
PENNSYLVANIA DEPARTMENT OF )
CORRECTIONS, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Anthony Williams an inmate at the State Correctional Institution at Mercer has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    While difficult to determine it would appear that commencing on April 28, 2009 and continuing on a number of occasions after that date, petitioner was convicted of several crimes in the Court of Common Pleas of Lehigh County, Pennsylvania. On several occasions he was released on parole only to violate his parole and be reincarcerated. It is not his convictions which he seeks to challenge here but rather the manner in which the Pennsylvania Department of Corrections has calculated his sentence which according to the petitioner results in an improper future release date.

    We note the record of the Superior Court of Pennsylvania at 3257 EDA 2011[1] which reflects that Williams filed an appeal from the denial of post-conviction relief. On February 23, 2012, the Superior Court remanded the matter to the court of common pleas for the latter court to provide the petitioner with certain materials necessary to prosecute his appeal. In addition, on February 24, 2012, the Superior Court entered an order directing petitioner to show cause why

---

[1] The Superior Court Docket sheet is available at http://ujsportal.pacourts.us.

his appeal should not be dismissed as time barred. On March 15, 2012, the Superior Court acknowledged received of William's response and referred the matter to a merits panel.

Additionally, on December 16, 2011 petitioner filed a notice of appeal in the Commonwealth Court and on February 8, 2012 the latter court transferred the matter to the Superior Court for consideration.[2]

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

No matter how one construes this matter it is readily apparent that Williams has not exhausted the available state court remedies nor is he being barred from doing so. For this reason

---

[2] The Commonwealth Docket Sheet is likewise available at http://ujsportal.pacourts.us.

his petition here is premature, and it will be dismissed. Additionally, because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 10th day of April 2012, for the reasons set forth in the foregoing Memorandum, the petition of Anthony Williams for a writ of habeas corpus is DISMISSED and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

                                                s/ Robert C. Mitchell
                                                United States Magistrate Judge